**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILIP ARTHUR COVARRUBIAS,  )
         Petitioner,   )   3:07-cv-00120-LRH-RAM
                                       )
vs.   )   ORDER
                                       )
WARDEN, *et al.*,   )
         Respondents.   )
_____/

       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This action is before the Court for decision on the merits of the amended petition.

**I.    Background**

       Petitioner challenges his conviction for crimes relating to the sexual assault and abuse of his step daughter. Petitioner was charged by criminal information with seven counts, including lewdness with a minor and child abuse. (Exhibit 2).[1] Petitioner signed a plea agreement and entered a guilty plea to two counts: attempted sexual assault and child abuse and neglect with substantial mental harm, both felonies. (Exhibits 3 and 4). Petitioner was sentenced on Count I to a 48-120 month prison term. On Count II, he was sentenced to a 48-120 month prison term, to run consecutive to Count I. (Exhibit 7). Pursuant to the guilty plea, petitioner's sentence included lifetime supervision to commence upon release from any term of probation, parole, or imprisonment.

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #10.

(Exhibit 7). Judgment was entered on December 8, 2004, and an amended judgment was entered on February 14, 2005. (Exhibit 6; Exhibit 7).

Petitioner filed a combined post-conviction state habeas petition and motion to withdraw his guilty plea. (Exhibit 8). The trial court conducted an evidentiary hearing and denied the petition. (Exhibit 11). The Nevada Supreme Court affirmed the denial of the petition. (Exhibit 12).

This action was commenced on March 13, 2007. Petitioner's *pro se* amended federal petition was filed on April 21, 2009. (Docket #8). Respondents have filed an answer and petitioner has filed a traverse. (Docket #10 and #13).

## II.   Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

    **A. Grounds Regarding Plea Agreement and Effectiveness of Counsel**

        **1. Ineffective Assistance of Counsel**

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show, first, that counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms. *Id.* at 688-90. Second, the petitioner must demonstrate that the identified acts or omissions of counsel prejudiced his defense. He must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

3

1    The application of the *Strickland* test where ineffectiveness of counsel is alleged to invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.  In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*.  The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

The modified *Strickland* prejudice standard in guilty plea cases asks whether there is a probability that, but for counsel's alleged errors, defendant would not have pleaded guilty, but would have insisted on going to trial.  *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1997).

In Ground 1, petitioner alleges that trial counsel was ineffective because he advised petitioner to plead guilty to negotiated charges where petitioner had informed counsel that he was not guilty of the original charges.  In Ground 2, petitioner alleges that trial counsel was ineffective for failing to file a motion to withdraw the guilty plea.  In Ground 7, petitioner alleges that he was led to believe by his attorney and the guilty plea memorandum that he would receive probation.

In reviewing these claims, the state district court concluded that counsel was not ineffective. (Exhibit 11).  Citing to the appropriate legal standard of *Strickland*, the Nevada Supreme Court also concluded that petitioner's claims of ineffective assistance of counsel were without merit.  (Exhibit 12).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court will deny habeas relief as to Grounds 1, 2, and 7.

**2. Guilty Plea Memorandum and Trial Court's Canvass**

Grounds 3, 6, and 8 challenge the sufficiency of the oral plea canvass and the provisions of the guilty plea memorandum.

To be valid, a guilty plea must be knowing, voluntary, and intelligent. *U.S. v. Brady*, 397 U.S. 742, 748 (1970). A guilty plea must represent a voluntary and intelligent choice among alternative courses of action open to a defendant. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). Advice for a guilty plea does not require a description of every element of the offense. *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted). The court looks to what a defendant reasonably understood at the time of the plea. *U.S. v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986).

Under federal law, to be valid, a guilty plea must be knowing, voluntary, and intelligent. *U.S. v. Brady*, 397 U.S. 742, 748 (1970). A guilty plea must represent a voluntary and intelligent choice among alternative courses of action open to a defendant. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). Advice for a guilty plea does not require a description of every element of the offense. *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted). The court looks to what a defendant reasonably understood at the time of the plea. *U.S. v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986). The record must demonstrate that the defendant understands that he is waiving his privilege against self-incrimination, his right to a jury trial, and his right to confront accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) (defendant's statements, made in open court at time of his plea, are entitled to great weight).

In Ground 3, petitioner asserts that he did not understand the full ramifications of his guilty plea where the language of the guilty plea memorandum was conflicting regarding the potential penalty petitioner faced and where the district court failed to canvass petitioner as to the negotiation and the maximum possible sentence. The record belies petitioner's claim. The guilty plea memorandum explicitly informed petitioner of the nature of the charges to which he agreed to plead

guilty, the direct consequences of the pleas, and the range of sentences that petitioner faced. (Exhibit 3).

In Ground 6, petitioner alleges that he was not informed that the negotiated deal included a provision of lifetime supervision and that failure to abide by the conditions of lifetime supervision is a category B felony. Again, the record belies this claim. The plea memorandum plainly states the provision of lifetime supervision and consequences for failure to abide by the conditions of supervision. (Exhibit 3).

In Ground 8, petitioner alleges that he was not sufficiently canvassed on the guilty plea. The transcript of the guilty plea canvass does not support petitioner's claim, but rather, indicates that the plea was knowingly and voluntarily entered. (Exhibit 5).

The state district court and the Nevada Supreme Court reviewed and rejected each of petitioner's claims that the plea canvass was insufficient. (Exhibits 11 and 12). The Nevada Supreme Court found that petitioner's plea was valid. (Exhibit 12). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Grounds 3, 6, and 8.

**B. Ground 4**

In Ground 4, petitioner claims that the trial court barred him from being allowed to present evidence that the victim's mother had fabricated allegations of child abuse against petitioner and coached the victim to lie. Petitioner claims that because of this ruling, he accepted the guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Nevada Supreme Court, citing the correct legal standard, found that petitioner had waived his claim of pre-plea error. (Exhibit 12). Petitioner has failed to

6

meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 4.

### C. Ground 5

In Ground 5, petitioner claims that the state court erred in applying the doctrine of latches to his successive combined habeas petition and motion to withdraw guilty plea. This claim does not challenge petitioner's conviction or sentence, and as such, is not a cognizable federal habeas claim under § 2254. Relief is denied as to Ground 5.

### D. Ground 9

In Ground 9, petitioner alleges that the State was barred from prosecuting petitioner because the issues related to a family court custody issue where the victim's mother filed a sexual assault charge against petitioner which was subsequently resolved. In this claim, petitioner appears to allege that he was subjected to "double jeopardy." Before a double jeopardy issue can arise, jeopardy for the same offense must have previously attached. *See Richardson v. United States*, 468 U.S. 317 (1984). In the instant case, there was no previous criminal action against petitioner for the same offense. Rather, petitioner cites to a custody case in family court. This is insufficient to constitute a criminal action for purposes of double jeopardy. As such, relief as to Ground 9 is denied.

## IV.   Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

7

debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the amended petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** petitioner's motion for default judgment and/or confession of error (Docket #11) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 21st day of August, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE